UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTH READING SCHOOL COMMITTEE,
    Plaintiff

v.

BUREAU OF SPECIAL EDUCATION APPEALS
OF THE MASSACHUSETTS DEPARTMENT
OF EDUCATION, MASSACHUSETTS
DEPARTMENT OF EDUCATION, AND
TIMOTHY GRAFTON AND COURTNEY
GRAFTON, AS PARENTS AND NEXT FRIEND
OF MAXWELL GRAFTON,
    Defendants.

Civ. No. 05-11162 RCL

## ANSWER OF STATE DEFENDANTS

The state defendants, Bureau of Special Education Appeals of the Massachusetts Department of Education ("BSEA") and Massachusetts Department of Education, answer the Plaintiff's Complaint as follows:

### JURISDICTION

1. Paragraph 1 is an introductory statement characterizing the Complaint to which no response is required.

### PARTIES

2. The state defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3-4. The state defendants admit the allegations contained in paragraphs 3 through 4.

5. The state defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

CAUSE OF ACTION

6.	The state defendants admit that, in the BSEA Decision #05-2109 dated May 6, 2005 ("BSEA Decision"), the BSEA found that Student began first grade at Meritor Academy, a private regular education school, in September 2002, in a class with fewer than 15 children and Student continued to receive private tutoring in reading and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6.

7-8.	The state defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 7 through 8.

9.	The state defendants admit that in September or October 2003, Parents visited Landmark School, a private Chapter 766-approved school that specializes in serving students with at least average cognitive ability who have language based learning disabilities, and decided it would be appropriate for Student, as found in the BSEA Decision, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9.

10.	The state defendants admit that on or about December 11, 2003, Landmark screened Student for possible admission, which assessments indicated that Student's strengths lie in visual tasks, using verbal mediation to aid memory, self-correction and oral vocabulary and weakness in phonological memory and processing and coding/decoding skills, as found in the BSEA Decision, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.

11.	The state defendants admit that, following the above-referenced screening on or about December 11, 2003, a Landmark interviewer concluded that Student was appropriate for

Landmark, as found in the BSEA Decision, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11.

12. The state defendants admit that Parents received a report from Dr. Lappen regarding Student in November 2003 and sent it to the plaintiff about a month later, along with a letter requesting a TEAM meeting to create an IEP for the Student, as found in the BSEA Decision, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12.

13. The state defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. The state defendants admit that Student began attending Landmark in January 2004 and that Parents did not notify plaintiff before they placed Student at Landmark, as found in the BSEA Decision, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14.

15. The state defendants admit that on or about March 9, 2004, plaintiff convened a TEAM meeting and shortly thereafter issued an IEP calling for placement in North Reading's substantially separate Primary Language-Based program at E.E. Little Elementary School for all subjects except science, which was to take place in a regular second-grade classroom, as found in the BSEA Decision, and deny the remaining allegations contained in paragraph 15.

16. The state defendants admit that Mother ultimately rejected this IEP in full on May 10, 2004 pending observation of North Reading Language-Based Class Placement, as found in the BSEA Decision.

17. The state defendants admit that in a letter dated August 20, 2004, Parents, through their counsel, gave plaintiff written notice of their intention to enroll Student in Landmark for the

2004-2005 school year, as found in the BSEA Decision, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17.

18.     The state defendants admit that Student resumed attending Landmark in or about September 2004, as found in the BSEA Decision.

19-20.  The state defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 19 through 20.

21.     The state defendants admit that on or about December 2, 2004, the plaintiff convened another TEAM meeting to consider evaluations of the Student by Drs. Brefach and Margulies, and issued a substitute IEP covering March 2004-2005 and that the IEP essentially duplicated the IEP issued in March 2004, but added 30 minutes per week of small group speech/language therapy, as found in the BSEA Decision, and deny the remaining allegations contained in paragraph 21.

22.     The state defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.     The state defendants admit the allegations contained in paragraph 23, as found in the BSEA Decision.

24.     The state defendants admit that the Bureau of Special Education Appeals issued a Decision on May 6, 2005, as found in the BSEA Decision, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24.

25-26.  Paragraphs 25 through 26 purport to characterize the BSEA Decision, which document speaks for itself.

27.     The state defendants deny the allegations contained in paragraph 27.

28-29.  Paragraphs 28 through 29 purport to characterize and/or paraphrase the BSEA Decision, which document speaks for itself.  To the extent further response is required, state defendants deny the allegations contained in paragraphs 28 through 29.

30-31.  The state defendants deny the allegations contained in paragraphs 30 through 31.

32.     The remaining paragraph of the Complaint sets forth the relief requested by the plaintiff,

to which the state defendants deny that the plaintiff is entitled to the relief it seeks.

## FIRST AFFIRMATIVE DEFENSE

In accordance with 20 U.S.C. § 1415(i)(2)(B), the state defendants will further answer the Complaint by submitting a certified copy of the proceedings below.

Respectfully submitted,

BUREAU OF SPECIAL EDUCATION
APPEALS OF THE MASSACHUSETTS
DEPARTMENT OF EDUCATION
and MASSACHUSETTS
DEPARTMENT OF EDUCATION,

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

 /s/ Julie B. Goldman
Julie Goldman, BBO# 648489
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108
(617) 727-2200, ext. 2080

Dated: July 7, 2005                                         julie.goldman@ago.state.ma.us