UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTH READING SCHOOL COMMITTEE,
Plaintiff

v.

Civ. No. 05-11162 RCL

BUREAU OF SPECIAL EDUCATION APPEALS
of the MASSACHUSETTS DEPARTMENT of
EDUCATION, MASSACHUSETTS DEPARTMENT
Of EDUCATION, and TIMOTHY GRAFTON and
COURTNEY GRAFTON, as Parents and Next Friend
Of M.G.,
Defendants.

## ANSWER AND COUNTERCLAIM OF PARENT DEFENDANTS

The parent defendants, Timothy Grafton and Courtney Grafton, answer the Plaintiff's Complaint as follows:

### JURISDICTION

1.  Paragraph 1 is an introductory statement characterizing the Complaint to which no response is required.

### PARTIES

2.  The parents admit the allegations contained in paragraphs 2, 3, 4 and 5.

### CAUSE OF ACTION

3.  In replying to paragraph 6 of the complaint, the parent defendants admit that the Student began attending first grade at the Meritor Academy, a private school that is not a state-approved special education school in September 2002. Parents further answer that, as found by Bureau of Special Education Appeals Hearing Officer Sarah Berman in her

Findings of Fact in BSEA Decision #05-2109, dated May 6, 2005 ("BSEA Decision'), the Student had been enrolled in the Meritor Academy for the 2001-2002 school year as a kindergarten student and that this decision was made because the Parents were of the opinion that the Student needed a full day program for academic reasons, rather than the half-day kindergarten available in North Reading and further that the Student attended a first grade in a class of fewer than 15 children and that Student's parents provided him with private tutoring in addition to schooling at the Meritor Academy. The Student's private reading tutor secured by the parents used elements of the Reading Recovery program in tutoring the Student.

4.  In replying to Paragraph 7, parents acknowledge that the Student was tested while at the Meritor Academy but allege that no testimony was offered during the hearing on this matter and that no Findings of Fact were made by the Hearing Officer relevant to this testing. The Parents deny the characterization of the results of this testing as indicated in Paragraph 7.

5.  The parents admit paragraph 8 but add that the Meritor Academy second grade program had a small class size with more time available for individual student needs than in the programs operated by the North Reading Public School District.

6.  In replying to Paragraph 9, the parents admit that on October 4, 2003, the Student's mother initiated the process of consideration of the Landmark School and otherwise deny the allegations contained in Paragraph 9. Parents further state that Landmark School is a private, Chapter 766 –approved school that specializes in the education of students with at least average cognitive ability who have language based learning disabilities.

2

7.  In replying to Paragraph 10, the parents acknowledge that on or about December 11, 2003 tests were administered by Landmark but deny the characterization of the results of said testing as contained in Paragraph 10. Parents further allege that no findings of fact were made by the Hearing Officer concerning the Landmark testing. In the report of testing, the Student was noted to have strengths in oral vocabulary and in using verbal mediation to aid in memory but weaknesses in phonological memory and processing and in decoding/encoding skills. The LiPS program was recommended for the Student as part of this screening.

8.  The Parents admit the allegations contained in Paragraphs 11, 12 and 13.

9.  In replying to Paragraph 14, the Parents admit that that the Student was enrolled at the Landmark School before the North Reading Public School District had completed assessments of the Student and before a TEAM meeting but otherwise deny the allegations contained in paragraph 14. Parents further state that they felt the need for immediate action to address their son's learning disabilities once they had been identified and knew that the process of evaluation, meeting and IEP preparation would take at least three months during which their son would not be receiving any special education services. Parents did not seek compensation for the 2003-2004 school year in the BSEA hearing.

10. In replying to Paragraph 15, the parents admit that a TEAM meeting was held on March 9, 2004 and that an IEP was developed subsequent to that meeting but otherwise deny the allegations contained in paragraph 15.

11. In replying to Paragraph 16, parent state that they did in fact reject the IEP developed by the District but state that the IEP was not mailed to the parents until March 18, 2004. Parents otherwise deny the allegations contained in paragraph 16.

12. Parents admit the allegations contained in Paragraphs 17, 18, and 19.

13. In replying to Paragraph 20, the parents admit that at least one request for postponement of a Team meeting was made between September 6, 2004 and December 2, 2004 and that other efforts were made to schedule a team meeting. Parents further allege that the difficulty in scheduling a TEAM meeting was compounded by the schedules of lawyers representing both the parents and the school district.

14. In replying to Paragraph 21, the parents admit that a TEAM meeting was held on December 2, 2004 and that an IEP was developed subsequent to that meeting but otherwise deny the allegations contained in paragraph 21.

15. Parents admit paragraph 22.

16. In replying to Paragraph 23, parents admit that a hearing was held on February 15, 17, 18, and March 14, 2005 but deny the characterization of the issues as indicated in paragraph 23.

17. The parents admit Paragraphs 24, 25 and 26.

18. The parents deny the characterization of the evidence and the Hearing Officer's determination in paragraph 27.

19. In responding to paragraph 28, the parents admit that the Hearing Officer concluded that the proposed public school program was inappropriate due to Student's auditory processing and attentional issues and that the School District had presented no

evidence relative to how the environment would be modified to meet Student's needs. The parents deny the remainder of the allegations contained in paragraph 28.

20. In responding to paragraph 29, the parents admit that the Hearing Officer determined that the IEP developed by the North Reading Public School District was not appropriate to meet the Student's needs for the period of March 2004 through and including March 2005 and ordered the School District to reimburse the Defendants for costs associated with the Landmark placement for the period of September 2004 through and including March 2005 but otherwise deny the characterization of that decision as contained in paragraph 29.

21. The parents deny the allegations contained in paragraphs 30 and 31.

22. Parents allege the decision of the Hearing Officer was based upon a careful weighing of evidence, is fully supported by the record, must be accorded due deference and is not erroneous, arbitrary or capricious and therefore the Plaintiff should be denied the relief sought in its complaint.

## FIRST AFFIRMATIVE DEFENSE

23. With respect to each and every Count of the Plaintiff's Complaint, and due to the limited standard of review and the discretion and weight that is accorded administrative decisions, the Plaintiff has failed to state a claim for which relief may be granted on appeal.

## PARENTS' COUNTERCLAIM

24. Courtney Grafton and Timothy Grafton (Parents), individually and as next friend of their minor child, Maxwell Grafton (Student), bring this counterclaim against

5

the North Reading Public School Committee to secure injunctive relief and an award of money damages for violations of their rights due to acts of retaliation for exercise of rights pursuant to 20 U.S.C. § 794. The plaintiffs also seek an award of their attorneys' fees and costs incurred in an administrative appeal to the Massachusetts Department of Education, Bureau of Special Education Appeals, in which the Parents succeeded in establishing that the Plaintiff had failed to provide the Student with a free and appropriate public education.

## JURISDICTION

25. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 29 U.S.C. §794 and §794a and 20 U.S.C. § 1415(i)(3).

26. Counterclaim-Plaintiffs seek damages, attorney fees and declaratory, injunctive and other appropriate relief, pursuant to 28 U.S.C. §§ 2201 and 2202, Fed. R. Civ. P. 23, 57, and 65.

27. Venue for this action lies in this District pursuant to 28 U.S.C. § 1391(b). All of the events or omissions giving rise to Counterclaim-Plaintiffs' claims occurred here and the Counterclaim-Defendant may be found here.

## PARTIES

28. The Counterclaim-Plaintiffs, Courtney and Timothy Grafton ("Parents") are adult individuals who resides in maintains a permanent residence in North Reading, Middlesex County, Massachusetts, who bring this action as next friend for their son, Maxwell Grafton.

29.     The Counterclaim-Plaintiff, Maxwell Grafton ("Student") is a minor individual who lives with his family in North Reading, Middlesex County, Massachusetts.

30.     The Counterclaim-Defendant, North Reading Public School Committee ("North Reading"), is a body politic and corporate entity established pursuant to the laws of Massachusetts and is a public corporation with a capacity to be sued, with an address in North Reading, Middlesex County, Massachusetts. At all times material to this matter, the Student has been a resident of the North reading Public School District and "North Reading" has been responsible for providing educational services, and aids, accommodations and modifications to the Student.

## STATEMENT OF FACTS

31. On October 27, 2004, the Counterclaim-Plaintiffs filed a request for hearing with the Bureau of Special Education Appeals, alleging that the Counterclaim-Defendants had failed to provide a free and appropriate education for the Student.

32. On May 6, 2005, following an evidentiary hearing on February 15, 17 and 18 and March 14, 2005, Hearing Officer Sara Berman, entered a decision, finding in favor of the Parents and ordering the North Reading School Committee to reimburse the Parents for the costs of the Student's placement at the landmark School for the period from the start of the 2004-2005 school year until March 9, 2005.

33.     On or about May 27, 2005, counsel for the Counterclaim-Plaintiffs made a written demand for payment of attorneys' fees and related expenses to counsel for "North Reading." No response has been received to this demand.

34.    Since the decision of Hearing Officer on Berman, North Reading has engaged in retaliatory conduct to punish the Student and his parents for the exercise of their rights under Section 504. Specifically, North Reading and /or its authorized agent released information to the "North Reading Transcript" a newspaper of general circulation in the community, concerning the decision of Hearing Officer Berman, in violation of the privacy interests of the Student. The Student and his parents have suffered damage as a result of the release of this protected information.

## STATEMENT OF CLAIMS

### COUNT I

### RECOVERY OF ATTORNEY FEES

35.    Counter-Plaintiffs reallege the allegations set forth in paragraphs 1 through 34 and incorporate the same by reference as if fully set forth herein.

36.    The proceeding before the BSEA was brought pursuant to the Parents right to due process in accordance with 20 U.S.C. § 1415(f). 20 U.S.C. § 1415(i)(3) provides that "in any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs-- **(I)** to a prevailing party who is the parent of a child with a disability."

37.    Counterclaim-Plaintiffs are the prevailing party in the BSEA hearing.

38.    The attorneys' fees and costs incurred by the Counterclaim-Plaintiffs are reasonable. The fees charged by Counterclaim-Plaintiffs' attorneys are based on rates prevailing in the community in which the action arose for the kind and quality of the services furnished.

39. Counterclaim-Plaintiffs are entitled to an award of their attorneys' fees and costs incurred in the BSEA action.

## COUNT II

### VIOLATIONS of the SECTION 504 of the REHABILITATION ACT OF 1973

40. Plaintiffs reallege the allegations set forth in paragraphs 1 through 34 and incorporate the same by reference as if fully set forth herein.

41. At all times material to this action, the Student was a student with a disability and eligible for services from the North Reading Public School Committee.

42. The Counterclaim-Defendant North Reading receives federal funding.

43. As a result of Counterclaim-Defendants' actions, the Counterclaim –Plaintiff Student suffered a deprivation of his right to privacy and emotional harm.

65. The Counterclaim-Defendant's actions in releasing protected information to the press was an act of retaliation in response to the Plaintiffs' exercise of rights under Section 504 and a violation of 29 U.S.C. §794 and was motivated by animus against the exercise of rights protected under Section 504.

WHEREFORE, the Counterclaim-Plaintiffs request this court to:

1. Take jurisdiction of this matter;

2. Enter an injunction prohibiting the Counterclaim-Defendants from future unauthorized release of private information concerning the Student;

3. Award the plaintiffs their reasonable attorneys' fees, costs and expenses incurred relative to the administrative action before the BSEA;

4. Award compensatory damages and punitive damages to the plaintiffs;

5. Award the plaintiffs such attorneys' fees, costs and expenses as may be necessitated by this action; and

6. Grant such other relief as the court deems just and equitable.

Respectfully submitted,
Courtney, Timothy and Maxwell Grafton
By their attorney,

Tim Sindelar, BBO #557273
Ames, Hilton, Martin & Sindelar
22 Putnam Avenue
Cambridge, MA 02139
(617) 871-2140
Fax: (617) 871-2141

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTH READING SCHOOL COMMITTEE,
Plaintiff

v.                                                            Civ. No. 05-11162 RCL

BUREAU OF SPECIAL EDUCATION APPEALS
of the MASSACHUSETTS DEPARTMENT of
EDUCATION, MASSACHUSETTS DEPARTMENT
Of EDUCATION, and TIMOTHY GRAFTON and
COURTNEY GRAFTON, as Parents and Next Friend
Of M.G.,
Defendants.

## CERTIFICATE OF SERVICE

I, Tim Sindelar, attorney for Courtney and Timothy Grafton, hereby certify that I have on this day served the Answer and Counterclaim of the Parent Defendants upon all parties by causing a copy to be delivered by first class mail, postage prepaid to:

Thomas J. Nuttall
Sullivan and Nuttall, P.C.
1020 Plain Street, Suite 270
Marshfield, MA 02050

Julie B. Goldman
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108

Dated: 8/22/2005

Tim Sindelar
Ames, Hilton, Martin & Sindelar
22 Putnam Avenue
Cambridge, MA 02139
(617) 871-2140
Fax: (617) 871-2141