UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NORTH READING SCHOOL COMMITTEE )<br>Plaintiff )<br> )<br>v. )<br> )<br> )<br> )<br> )<br>BUREAU OF SPECIAL EDUCATION )<br>APPEALS of the MASSACHUSETTS )<br>DEPARTMENT OF EDUCATION, )<br>MASSACHUSETTS DEPARTMENT )<br>OF EDUCATION, and TIMOTHY )<br>GRAFTON and COURTNEY GRAFTON, )<br>as Parents and Next Friend of M.G. )<br>Defendants )<br> ) | Civil Action No.<br>05-11162 RCL |

**MEMORANDUM OF LAW IN SUPPORT OF NORTH READING SCHOOL
COMMITTEE'S OPPOSITION TO TIMOTHY AND COURTNEY
GRAFTON'S MOTION TO STRIKE**

Introduction

This is a case in which the North Reading School Committee (hereinafter "North Reading") seeks judicial review pursuant to 20 U.S.C.§1415(1)(2) of a final decision issued by the Bureau of Special Education Appeals of the Massachusetts Department of Education (hereinafter "BSEA"). The parents of the child concerned, Timothy and Courtney Grafton (hereinafter "Parents" or "Graftons"), filed a counterclaim against North Reading alleging retaliation in violation of Section 504 of the Rehabilitation Act of 1973. Specifically, the Parents allege that North Reading or its agent "released" the Hearing Officer's decision to the local newspaper as a means of retaliating against the Parents. North Reading filed a Motion to Dismiss the retaliation claim on the grounds

that the Parents (1) did not exhaust administrative remedies prior to bringing the counterclaim; and (2) that even in a light most favorable to the plaintiff-in-counterclaim, the facts alleged do not state a claim upon which relief may be granted in that the specific actions of which the Parents complain do not rise to the level of retaliation as a matter of law.

North Reading attached to its Motion to Dismiss the Counterclaim a copy of the BSEA Hearing Officer's decision as Exhibit 3 and a copy of a newspaper article as Exhibit 4. The Graftons now move to strike Exhibits 3 and 4 from North Reading's Motion to Dismiss. North Reading opposes the motion because under Rule 12(b)(6) this court is permitted to consider whatever documents are either annexed to the counterclaim, fairly incorporated within it, as well as relevant matters that are susceptible to judicial notice.

## FACTS

On October 27, 2004, the Defendants and Plaintiffs-in-Counterclaim, Timothy and Courtney Grafton, filed a request for hearing with the BSEA alleging that North Reading had failed to provide a free and appropriate education for their child. Hearing Officer Sara Berman conducted an evidentiary hearing on February 15, 17 and 18 and March 6, 2005 and issued a decision finding in favor of the Parents. North Reading appealed the decision to this Court for judicial review because of significant errors in the Hearing Officer's decision. The Hearing Officer's decision is an exhibit attached to North Reading's Complaint and Motion to Dismiss the Counterclaim.

The Hearing Officer's decision is a public document pursuant to the Individuals with Disabilities Education Act (IDEA). The IDEA provides the Hearing Officer's

decision "shall be made available to the public consistent with the requirements of section 1417(c) of this Title relating to the confidentiality of data, information, and records ..." 20 U.S.C. §1415(h)(4)(A).[1] In the underlying administrative appeal, the Hearing Officer's decision was issued on May 6, 2005 and is posted on the Massachusetts Department of Education's website. (See www.doe.mass. edu/bsea/decisions/05-2109.doc (a fact of which this court may take judicial notice)).

The Parents' Counterclaim against North Reading alleges retaliation in violation of Section 504 of the Rehabilitation Act of 1973. The purported retaliatory action is that North Reading released the Hearing Officer's decision to the local newspaper.[2] The counterclaim states:

> "Since the decision of Hearing Officer on [sic] Berman, North Reading has engaged in retaliatory conduct to punish the Student and his parents for the exercise of their rights under Section 504. Specifically, North Reading and/or its agent released information to the "North Reading Transcript" a newspaper of general circulation in the community, concerning the decision of Hearing Officer Berman, in violation of privacy interests of the Student. The Student and his parents have suffered damage as a result of the release of protected information." (See Counterclaim, ¶34).

In the May 26, 2005 edition of the *North Reading Transcript*, an article appeared entitled, "School Com. votes to appeal SPED decision." A copy of the article is attached to North Reading's Motion to Dismiss as Exhibit 4.

---

[1] Section 1417 (c) provides that "The Secretary shall take appropriate action, in accordance with section 1232g of this title, to ensure the protection of confidentiality of any personally identifiable data, information, and records collected or maintained by the Secretary and by State educational agencies and local educational agencies pursuant to this part."

[2] As stated in the Motion to Dismiss, North Reading reiterates that it denies the allegations set forth in the Counterclaim, but assumes them to be true for the purposes of this motion only.

3

ARGUMENT

I.     IN CONSIDERING A MOTION TO DISMISS PURSUANT TO RULE 12(B)(6), THIS COURT MAY CONSIDER THE COMPLAINT, DOCUMENTS ANNEXED TO IT, DOCUMENTS FAIRLY INCORPORATED WITHIN IT, AND MATTERS THAT ARE SUSCEPTIBLE TO JUDICIAL NOTICE.

In considering North Reading's Motion to Dismiss, the trial court must consider the complaint (in this case, the counterclaim), documents annexed to it, and other materials fairly incorporated within it. *E.g., Rodi v. Southern New England School of Law*, 389 F. 3d 5, 12 (1st Cir. 2004); *In re Colonial Mortg. Bankers Corp.*, 324 F. 3d 12, 15-16 (1st Cir. 2003); *Cogan v. Phoenix Life Ins. Co.*, 310 F. 3d 238, 241 n. 4 (1st Cir. 2002). This may include documents referred to in the Complaint but not annexed to it. *Rodi v. Southern New England School of Law*, 389 F.3d at 12 (citing *Coyne v. Cronin*, 386 F. 3d 280, 285-86 (1st Cir. 2004); *Beddall v. State St. Bank & Trust Co.*, 137 F. 3d 12, 17 (1st Cir. 1998); *Fudge v. Penthouse Int'l Ltd.* 840 F.2d 1012, 1015 (1st Cir. 1988)). Additionally, the jurisprudence of Rule 12(b)(6) permits courts to consider matters that are susceptible to judicial notice. *Id.*

    A.     This court may consider the Hearing Officer's Decision in deciding North Reading's Motion to Dismiss because it is fairly incorportated within the counterclaim.

Here, the basis of the Parents' Counterclaim is the alleged release of the Hearing Officer's decision to the local newspaper. The Graftons allege that the "release of protected information to the press was an act of retaliation . . ." (See Counterclaim, ¶65 [sic]). The Counterclaim expressly refers to the Hearing Officer's decision:

> "On May 6, 2005, following an evidentiary hearing on February 15, 17 and 18 and March 14, 2005, Hearing Officer Sara Berman, entered a decision, finding in favor or the Parent and ordering the North Reading School

4

>   Committee to reimburse the Parents for the cost of the
>   Student's placement at the Landmark School . . ."

See Counterclaim, ¶32

Although the Plaintiffs-in-Counterclaim chose not to attach the Decision as an exhibit to the counterclaim, it is central to the Parents' Counterclaim.[3] The Parents allege that the release of the decision violated the student's privacy rights, "punished" the student and his parents, and caused them to suffer damage. (Counterclaim, ¶34). The document is therefore "fairly incorporated" into the counterclaim and integral to the claim.

    B.    <u>This court may consider the Hearing Officer's decision by taking judicial notice of the decision.</u>

Furthermore, this court may take judicial notice of the Hearing Officer's decision. *U.S. v. Delgado-Hernandez*, 03-2245 (1st Cir. 2005) (taking judicial notice of prior proceeding); *Maher v. Hyde*, 227 F.3d 83, 86 n. 3 (1st Cir. 2001)(taking judicial notice of court proceeding). In ruling on a motion to dismiss, the court may consider documents that are indisputably authentic and which are limited to the allegations in the complaint (here counterclaim). *Bedall v. State Street Bank &* Trust, 137 F. 3d 12, 16 & 17 (1st Cir. 1998). Materials attached to a Motion to Dismiss that present no facts that conflict in any way with facts alleged in the complaint do not convert a Rule 12(b)(6) motion to dismiss to a Rule 56 motion. *Terry v. Pearlman*, 42 F.R.D. 335, 337 (D. Mass. 1967). The Hearing Officer's decision was issued pursuant to 20 U.S.C. 1415 and is indisputably authentic. Contrary to the Plaintiffs' allegations, the Hearing Officer's decision is not "protected information." Although the Hearing Officer's decision must comply with the

---

[3] The Hearing Officer's decision is not only central to the counterclaim, but is the subject of North Reading's appeal and is attached to North Reading's Complaint.

confidentiality requirements set by 20 U.S.C. §1417(c), the decision itself is a public document. Thus, this court may consider the BSEA decision because it is integral to the Counterclaim and does not contradict, challenge or rebut the facts alleged in the Counterclaim.

      C.    <u>The newspaper article is fairly incorporated within the counterclaim and this court may take judicial notice of a newspaper article.</u>

With respect to the newspaper article attached to the Motion to Dismiss as Exhibit 4, the Counterclaim asserts that the student and his parents suffered damage as a result of information released to the press. The Counterclaim states:

> "Since the decision of Hearing Officer on [sic] Berman, North Reading has engaged in retaliatory conduct to punish the Student and his parents for the exercise of their rights under Section 504. Specifically, North Reading and/or its agent released information to the "North Reading Transcript" a newspaper of general circulation in the community, concerning the decision of Hearing Officer Berman, in violation of privacy interests of the Student. The Student and his parents have suffered damage as a result of the release of protected information."

See Counterclaim, ¶34.

The alleged facts infer that an article appeared in the North Reading Transcript that was damaging to the student and his parents. The Plaintiffs-in-counterclaim's Motion to Strike does not contest the authenticity of the article. The article is integral to the counterclaim and does not contradict or dispute the facts as alleged by the Plaintiffs in Counterclaim and therefore this court may consider it when reviewing this Motion. Furthermore, this court may take judicial notice of the existence of the article. See *Ieradi v. Mylan Laboratories*, 230 F.3d 594, n.2 (3d Cir. 2000)(taking judicial notice of

6

newspaper article); *Washington Post v. Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991)(taking judicial notice of existence of newspaper articles).

North Reading maintains that even if this court is not inclined to consider the newspaper article in deciding this motion, the Defendant's Motion to Dismiss should still be granted. North Reading's Motion argues, in part, that even if North Reading "released" the BSEA decision to the press as alleged, the IDEA provides that the findings and decision of the Hearing Officer "shall be made available to the public" and that as a matter of law the release of a public document may not be considered disadvantageous or adverse to the Graftons in the context of a retaliation claim. Whether or not this court chooses to take the newspaper article into consideration, this court may still find that the alleged release of the Hearing Officer's decision was not an act that rises to the level of "retaliation" as a matter of law.

WHEREFORE the Defendant-in-Counterclaim respectfully requests that this court deny the Plaintiff-in-Counterclaim's Motion to Strike.

> Respectfully submitted,
> The Plaintiff/Defendant-in-Counterclaim,
>
> North Reading School Committee,
> By its attorneys,
>
> SULLIVAN & NUTTALL, P.C.
>
> _____
> Thomas J. Nuttall
> BBO No. 546940
> 1020 Plain Street, Suite 270
> Marshfield, MA 02050
> (781) 837-7428

Date: October 21, 2005

## Certificate of Service

I hereby certify that I have served a copy of the foregoing document on all counsel of record for each party by first class mail, postage prepaid.

Date: 10/21/05

Thomas J. Nuttall