UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 NOV -3  P 2: 48

U.S. DISTRICT COURT
DISTRICT OF MASS.

)
)
NORTH READING SCHOOL COMMITTEE )
Plaintiff )
)
)
v. )
)  Civil Action No.
)  05-11162 RCL
)
BUREAU OF SPECIAL EDUCATION )
APPEALS of the MASSACHUSETTS )
DEPARTMENT OF EDUCATION, )
MASSACHUSETTS DEPARTMENT )
OF EDUCATION, and TIMOTHY )
GRAFTON and COURTNEY GRAFTON, )
as Parents and Next Friend of M.G. )
Defendants )
)

**JOINT STATEMENT PURSUANT TO RULE 16(b) OF THE FEDERAL
RULES OF CIVIL PROCEDURE AND RULE 16.1 OF THE LOCAL RULES**

I.   **POSITION OF THE PARTIES**

   A.   Position of the Plaintiff, North Reading School Committee

   This is a case in which the North Reading School Committee seeks judicial review pursuant to 20 U.S.C.§1415(1)(2) of a final decision issued by the Bureau of Special Education Appeals of the Massachusetts Department of Education. It is the position of the Plaintiff, North Reading Public Schools, that the decision is contrary to law, unsupported by the weight of the evidence and contained significant errors. Those errors include, but are not limited to, the Hearing Officer's finding that North Reading's program was inappropriate because the physical, structural environment did not adequately address the Student's auditory processing and attentional issues. It is the

position of the North Reading School Committee that the Hearing Officer's finding that "North Reading has presented no evidence of whether and how [North Reading would address the Student's auditory processing and attentional issues]" was contrary to extensive evidence provided by North Reading on the issue of appropriate and extensive accommodations available within the public school program to meet the Student's language, organizational and attentional issues, as well as physical and structural modifications within the public school program. The error is significant and warrants appeal because it was the only factor upon which the Hearing Officer distinguished the Parents' private school placement and the public school program and determined that the public school program offered by North Reading was not appropriate. Furthermore, it is the position of the North Reading School Committee that the decision contains other significant errors include the Hearing Officer's finding that "most of the Student's teachers [at the private school] are certified special education teachers, although they may be certified for a different age group than Student's." This finding was also contrary to considerable documentary evidence and testimony that established a lack of appropriate certification status for the vast majority of Landmark School's staff.

With respect to Timothy and Courtney Graftons' Counterclaim alleging retaliation in violation of Section 504 of the Rehabilitation Act of 1973, it is the position of the North Reading School Committee that the claim should be dismissed on the grounds that (1) the Parents have not exhausted administrative remedies prior to bringing this counterclaim; and (2) even in a light most favorable to the plaintiff, the facts alleged do not state a claim upon which relief may be granted in that the specific actions of which

the Parents complain do not rise to the level of retaliation as a matter of law. North Reading has filed a Motion to Dismiss and requested a hearing.

With respect to Timothy and Courtney Grafton's Counterclaim for attorneys fees, it is the position of the North Reading School Committee that it will prevail on this appeal and the parents will not be the "prevailing party" and will not be entitled to attorneys fees.

    B.    <u>Position of the Defendants, Timothy and Courtney Grafton</u>

The decision of the hearing officer is entitled to due deference, is supported by the weight of the evidence, is not arbitrary, irrational or capricious and is not incorrect as a matter of law. The decision of the Bureau of Special Education Appeals should be affirmed and the Parent Defendants should be awarded attorneys fees and costs.

<u>Position of the Plaintiffs in Counterclaim (Courtney and Timothy Grafton)</u>

The North Reading School Committee retaliated against them and their minor child for exercise of protected rights under Section 504 of the Rehabilitation Act of 1973 by releasing protected information to the press. Plaintiffs in counterclaim should be awarded actual and punitive damages.

    C.    <u>Position of the State Defendants, Bureau of Special Education Appeals and Massachusetts Department of Education</u>

The decision of the hearing officer is entitled to due deference, is supported by the weight of the evidence, is not arbitrary, irrational or capricious and is not incorrect as a matter of law. The decision of the Bureau of Special Education Appeals should be affirmed.

## II.  DISCOVERY PLAN

The parties do not anticipate needing any discovery on plaintiff's claim for review of the administrative proceeding. The parties to the counterclaim anticipate discovery on the retaliation claim, if necessary (that claim is the subject of a pending motion to dismiss). The parties to the counterclaim do not anticipate propounding such discovery on the BSEA of Massachusetts DOE. The parties propose two alternative schedules as outlined in Section IV below. The first schedule reflects North Reading prevailing on its Motion to Dismiss Count II of the Counterclaim; the second schedule reflects Count II of the Counterclaim surviving North Reading's Motion to Dismiss.

## III.  PROPOSED SCHEDULE FOR THE FILING OF MOTIONS

The Plaintiff has filed a Motion to Dismiss Count II of the Timothy and Courtney Grafton's Counterclaim which alleges retaliation in violation of Section 504 of the Rehabilitation Act of 1973. The Graftons filed an opposition and a Motion to Strike certain exhibits from North Reading's Motion to Dismiss, to which North Reading filed an opposition. The court has not yet scheduled a hearing date for those motions.

The parties propose that the administrative appeal and Count I of the Grafton's Counterclaim (a claim for attorneys fees) shall be resolved through a motion for judgment on the pleadings.

The Grafton's retaliation claim, if viable, will require a jury trial. Proposed schedule for discovery, if necessary, and motions for judgment on the pleadings is as follows:

    1.    *If North Reading prevails on its Motion to Dismiss Count II of the Graftons' Counterclaim:*

Motions for Judgment on the Pleadings to be filed sixty (60) days after the court's decision on North Reading's Motion to Dismiss;

Oppositions to Motions for Judgment on the Pleadings to be filed thirty (30) days after service;

2. *If North Reading does not prevail on its Motion to Dismiss Count II of the Graftons' Counterclaim:*

All discovery on the counterclaim, including depositions, to be completed within ninety (90) days of the court's decision on North Reading's Motion to Dismiss;

The parties do not anticipate expert discovery;

Motions for Judgment on the Pleadings/Summary Judgment to be filed sixty (60) days thereafter;

Oppositions to Motions for Judgment on the Pleadings/Summary Judgment to be filed (30) thirty days thereafter;

If the Graftons prevail on their claim for attorneys fees, the parties request that the Graftons be allowed thirty (30) days, from the court's issuance of its decision on the Motions for Judgment on the Pleadings, to submit their requests for attorneys fees and North Reading be allowed fourteen (14) days to file a response as to the reasonableness of the fees.

## IV. CERTIFICATIONS

<u>North Reading School Committee</u>

We hereby affirm that we have conferred (a) with a view to establishing a budget for the costs of conducting full course, and various alternative courses, for litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in L.R. 16.4.

_____
Thomas J. Nuttall
Attorney for North Reading School Committee

_____
Dr. David S. Troughton
Superintendent of Schools
North Reading School Committee

<u>Timothy and Courtney Grafton</u>

(attached hereto)

<u>Massachusetts Department of Education</u>

(attached hereto)

Respectfully submitted,

| | |
|---|---|
| Plaintiff/Defendant-in-Counterclaim, | Defendants/Plaintiffs in Counterclaim |
| North Reading School Committee, | Timothy and Courtney Grafton |
| By its attorneys, | By their attorney, |
| SULLIVAN & NUTTALL, P.C. | AMES, HILTON, MARTIN & SINDELAR |

_____
Thomas J. Nuttall
BBO No.: 546940
1020 Plain Street, Suite 270
Marshfield, MA 02050
(781) 837-7428

_____
Timothy Sindelar
BBO No.: 557273
22 Putnam Avenue
Cambridge, MA 02139
(617) 871-2140

Defendants,

Massachusetts Department of
Education and Bureau of Special Education Appeals

By its attorney,

OFFICE OF THE ATTORNEY GENERAL

_____
Julie B. Goldman
BBO No.: 648489
Assistant Attorney General
One Ashburton Place
Boston, MA 02108-1598
(617) 727-2200 x2080

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NORTH READING SCHOOL COMMITTEE,
Plaintiff

v.                                                          Civ. No. 05-11162 RCL

BUREAU OF SPECIAL EDUCATION APPEALS
of the MASSACHUSETTS DEPARTMENT of
EDUCATION, MASSACHUSETTS DEPARTMENT
Of EDUCATION, and TIMOTHY GRAFTON and
COURTNEY GRAFTON, as Parents and Next Friend
Of M.G.,
Defendants.

**DEFENDANTS TIMOTHY AND COURTNEY GRAFTON LOCAL RULE
16.1(D)(3) CERTIFICATION**

The undersigned certify that the Defendants Timothy and Courtney Grafton their counsel have conferred with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation and to consider the resolution of this litigation through the uses of alternative dispute resolution programs such as those outline in Local Rule 16.4.

TIM SINDELAR BBO# 557273        COURTNEY GRAFTON              TIMOTHY GRAFTON
Ames, Hilton, Martin & Sindelar    Defendant/Plaintiff-in-Counterclaim   Defendant/Plaintiff-in-Counterclaim
22 Putnam Avenue
Cambridge, MA 02139
617-871-2140
BBO# 557273

Dated: 11/1/2005            Dated: 10/31/2005            Dated: 10/8/2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**RECEIVED**

NOV 02 2005

OFFICE OF THE ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION

NORTH READING SCHOOL COMMITTEE,
    Plaintiff

Civ. No. 05-11162 RCL

v.

BUREAU OF SPECIAL EDUCATION APPEALS
OF THE MASSACHUSETTS DEPARTMENT
OF EDUCATION, MASSACHUSETTS
DEPARTMENT OF EDUCATION, AND
TIMOTHY GRAFTON AND COURTNEY
GRAFTON, AS PARENTS AND NEXT FRIEND
OF MAXWELL GRAFTON,
    Defendants.

### CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3)

The undersigned certify that we have conferred:

(a)     with a view to establishing a budget for the costs of conducting the full course-and various alternative courses-of the litigation; and

(b)     to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outline in LR 16.4.

THOMAS F. REILLY
ATTORNEY GENERAL

_____
Assistant Attorney General

BUREAU OF SPECIAL EDUCATION
APPEALS and MASSACHUSETTS
DEPARTMENT OF EDUCATION

_____ 10/28/05
Acting Director of the Bureau of Special
Education Appeals of the Massachusetts
Department of Education

Dated: 11-2-05

1