UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTH READING SCHOOL COMMITTEE,
    Plaintiff

Civ. No. 05-11162 RCL

v.

BUREAU OF SPECIAL EDUCATION APPEALS
OF THE MASSACHUSETTS DEPARTMENT
OF EDUCATION, MASSACHUSETTS
DEPARTMENT OF EDUCATION, AND
TIMOTHY GRAFTON AND COURTNEY
GRAFTON, AS PARENTS AND NEXT FRIEND
OF M.G.,
    Defendants.

## STATEMENT OF STATE DEFENDANTS PURSUANT TO LOCAL RULE 56.1

In accordance with Local Rule 56.1, state defendants, Bureau of Special Education Appeals of the Massachusetts Department of Education ("BSEA") and Massachusetts Department of Education (collectively referred to as "the Department") respectfully submit this Statement in response to the plaintiff, North Reading School Committee's ("North Reading") Concise Statement of Material Facts in Support of its Motion for Summary Judgment ("North Reading's Statement"). The Department notes, as a threshold matter, that none of the parties have sought to present additional evidence to the Court and, accordingly, judicial review is limited to review of the administrative record filed by the Department, pursuant to 20 U.S.C. § 1415(i)(2)(C), which provides that, in an action under IDEA seeking review of a decision of the state educational agency (here, the BSEA), the Court "shall receive the records of the administrative proceedings; shall hear additional evidence at the request of a party; and basing its decision on a preponderance of the evidence, shall grant such relief as the court determines is appropriate." Under these circumstances, the Department requests that the Court waive the

requirements of Local Rule 56.1, requiring the submission of a concise statement of material facts. The Department nevertheless submits this statement in response to North Reading's Statement in the event that the Court does not waive the requirements of Local Rule 56.1.

The Department states that there is no genuine dispute as to any material fact, and the material facts are those set forth in the Decision of the BSEA, dated May 6, 2005, which appears at pages 107-127 of the Administrative Record filed by the Department. The Department does not dispute the facts set forth in North Readings's Statement except to the extent that North Reading's Statement does not accurately reflect the factual findings contained in the BSEA's Decision, as set forth below in numbered paragraphs that correspond to the paragraph numbers in North Reading's Statement and as further detailed in Parents' Concise Statement of Facts in Opposition to North Readings Motion for Summary Judgment ("Parents' Statement").

1-4.   These paragraphs constitute an introductory statement characterizing this case, not statement of fact, and the Department accordingly makes no response other than to state that the BSEA Decision, and testimony and evidence it is based on, speak for themselves. Further, paragraph 4 sets forth legal conclusions, not statement of fact, and the Department accordingly makes no response other than to state that the BSEA Decision, and testimony and evidence it is based on, speak for themselves.

11, 15-17, 19, 21-27, 32.   To the extent that statements in these paragraphs do not constitute a statement of fact but rather characterizations of testimony, the Department makes no response except to refer to the transcript of testimony (contained in the Record Transcript, volumes 1 through 4, filed by the Department), which speaks for itself, and the BSEA Decision, which also speaks for itself.

33, 35-36, 40.  To the extent that statements in these paragraphs constitute characterizations of exhibits, not statements of fact, the Department makes no response except to refer to the exhibits (contained in the Administrative Record), which speak for themselves, and the BSEA Decision, which also speaks for itself.

37-39, 42.  These paragraphs do not constitute a statement of fact but rather characterize testimony, and the Department accordingly makes no response except to refer to the transcript of the testimony, which speak for itself, and the BSEA Decision, which also speaks for itself.

44.  The Department disputes the first sentence of this paragraph, which is a conclusory allegation set forth without citation.  Further responding, the Department states that the BSEA Decision, which addresses the appropriateness of the Landmark program, is supported by the evidence and should be accepted as fact in this matter.  As to the remaining sentences, the statements constitute characterization of testimony and/or exhibits presented at the BSEA hearing, rather than statements of fact, and the Department accordingly makes no response except to state that the BSEA in its Decision discussed the testimony and evidence presented, and the Department otherwise refers to the transcript of testimony and exhibits, which speak for themselves, and the BSEA Decision, which also speaks for itself.

45-47, 54-56.  These paragraphs do not constitute a statement of fact but rather characterize testimony, and the Department accordingly makes no response except to refer to the transcript of the testimony, which speak for itself, and the BSEA Decision, which also speaks for itself.

52.  This paragraph sets forth a legal conclusion, not statement of fact, and the

Department accordingly makes no response other than to state that the BSEA Decision, and testimony and evidence it is based on, speak for themselves.

    53.    This paragraph does not constitute a statement of fact but rather characterizes the BSEA Decision, and the Department accordingly makes no response other than to state that the BSEA Decision, and testimony and evidence it is based on, speak for themselves.

                                                   Respectfully submitted,

                                                 BUREAU OF SPECIAL EDUCATION
                                               APPEALS of the MASSACHUSETTS
                                               DEPARTMENT OF EDUCATION
                                               and MASSACHUSETTS
                                               DEPARTMENT OF EDUCATION,

                                               By their attorney,

                                               THOMAS F. REILLY
                                               ATTORNEY GENERAL

                                               /s/ Julie B. Goldman
                                               Julie Goldman, BBO# 648489
                                               Assistant Attorney General
                                               Office of the Attorney General
                                               One Ashburton Place, Room 2019
                                               Boston, Massachusetts 02108
                                               (617) 727-2200, ext. 2080
Dated: May 22, 2006                          julie.goldman@ago.state.ma.us

## CERTIFICATE OF SERVICE

     I certify that this document filed through the ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 22, 2006.

                                               /s/ Julie B. Goldman
                                               Julie B. Goldman
                                               Assistant Attorney General